# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Respondent,

v.

Stacardo Grissett, Petitioner.

Appellate Case No. 2022-000299

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Richland County
Clifton Newman, Circuit Court Judge

---

Opinion No. 28192
Heard January 9, 2024 – Filed February 7, 2024

---

## REVERSED

---

Appellate Defender Lara Mary Caudy, of Columbia, for Petitioner.

General Counsel Matthew C. Buchanan, of South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**JUSTICE KITTREDGE:**  This appeal centers around how to calculate the one-year maximum community supervision program[1] (CSP) revocation sentence authorized by statute.  The precise question presented is whether an inmate arrested for an alleged violation of the CSP terms is entitled to credit toward the potential CSP revocation sentence for time served in jail awaiting adjudication of the CSP violation charge.  We hold that such inmates must be given credit for any time served awaiting their CSP revocation hearing toward their CSP revocation sentence.

## I.

After violating the terms of the CSP, Petitioner Stacardo Grissett was denied credit toward his CSP revocation sentence by the excellent circuit court judge for the approximate six months he served awaiting his CSP revocation hearing.  While he appealed that decision, by the time the court of appeals heard his appeal, Petitioner had completed his CSP revocation sentence *and* original sentence.  As a result, the court of appeals understandably dismissed his appeal as moot.  *State v. Grissett*, Op. No. 2021-UP-351 (S.C. Ct. App. filed Oct. 13, 2021).  Petitioner nonetheless sought review from this Court on the basis that while the current dispute is moot, the issue is capable of repetition yet evades review.  *See generally Byrd v. Irmo High Sch.*, 321 S.C. 426, 431–32, 468 S.E.2d 861, 864 (1996) (explaining the Court recognizes an exception to the mootness doctrine when a matter is capable of repetition yet evades review).  Moreover, Petitioner urged the Court to address the question presented because disagreement as to its answer persists among the Bench and Bar.  The State joined Petitioner's request for clarification.  We granted Petitioner a writ of certiorari.

## II.

Section 24-21-560(C) provides that in the event an inmate released on community supervision commits a violation of the CSP terms, the maximum CSP revocation sentence the circuit court may impose is a term of imprisonment of up to one year.[2]

---

[1] *See generally* S.C. Code Ann. § 24-13-150 (Supp. 2023) (providing an inmate convicted of a no parole offense and sentenced to the custody of the South Carolina Department of Corrections is eligible for early release, discharge, or community supervision when the inmate has served at least 85% of the actual term of imprisonment imposed).

[2] The statute further grants discretion to the circuit court to return the inmate to community supervision with or without additional terms or conditions.  *See* S.C.

*See* S.C. Code Ann. § 24-21-560(C) (flush language) (2007) ("If the court determines that a prisoner has wilfully violated a term or condition of the community supervision program, . . . the court may revoke the prisoner's community supervision and impose a sentence of up to one year for violation of the community supervision program."). However, an inmate released on community supervision continues to receive credit toward his original sentence, so the circuit court must ensure the CSP revocation sentence does not exceed the term of the inmate's original sentence. *State v. Picklesimer*, 388 S.C. 264, 268, 695 S.E.2d 845, 848 (2010) (clarifying that the revocation sentence contemplated in section 24-21-560(C) may not "extend[] beyond the end of the term of the original sentence"); S.C. Code Ann. § 24-21-560(D) (Supp. 2023) (confirming the "prisoner must not be incarcerated for a period longer than the original sentence"). As is relevant to this appeal, the parties agree that, in crafting a CSP revocation sentence, there is a lack of uniformity among our circuit judges, for some give credit for the time served between the date of arrest for alleged CSP violations and the CSP revocation hearing, while others withhold such credit. We therefore turn to the plain language of section 24-21-560(C).

To advance its position that section 24-21-560(C) does not require an inmate receive credit toward a revocation sentence for time served in jail awaiting adjudication of a CSP violation, the Department of Probation, Parole, and Pardon Services (DPPPS) focuses on the statute's last sentence: "A prisoner who is incarcerated for revocation of the community supervision program is not eligible to earn any type of credits which would reduce the sentence for violation of the community supervision program." S.C. Code Ann. § 24-21-560(C) (flush language). In opposition, Petitioner contends the "any type of credits" language refers to credits granted by the Department of Corrections (earned-work credits, good-time credits, and the like), and the statute, when construed in its entirety and in context, requires a CSP inmate to receive credit toward a CSP revocation sentence for time served in jail awaiting adjudication of the CSP violation charge, similar to the pretrial context. *See generally* S.C. Code Ann. § 24-13-40 (Supp. 2023) (stating that in the pretrial context, circuit court judges are required to give credit for the time served between an arrest and sentence).

In construing a statute, it is our duty to determine and effectuate legislative intent. *Bryant v. State*, 384 S.C. 525, 529, 683 S.E.2d 280, 282 (2009) ("The primary rule of statutory construction is to ascertain and give effect to the intent of the

---

Code Ann. § 24-21-560(C) (flush language) (2007).

legislature."). In doing so, we first examine the plain language of the statute. *Odom v. Town of McBee Election Comm'n*, 427 S.C. 305, 310, 831 S.E.2d 429, 432 (2019). When the language of a statute is plain, unambiguous, and conveys a clear and definite meaning, the rules of statutory construction are unnecessary, and a court has no right to impose another meaning. *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000).

Here, DPPPS is correct to draw our attention to the final sentence of section 24-21-560(C), for it disposes of the question presented. However, the focus must extend beyond the words "any type of credits." The statutory language following those words is unambiguous and essential to the proper resolution of this appeal. That sentence states an inmate who is incarcerated for an alleged violation of the CSP terms "is not eligible to earn any type of credits which would *reduce*" a CSP revocation sentence. (Emphasis added). Time-served credits do not "reduce" a CSP revocation sentence; rather, they merely affect the date on which that sentence begins to run. In contrast, credits awarded by the Department of Corrections—such as good-time credits and earned-work credits—actually *reduce* a sentence. Thus, the plain language of section 24-21-560(C) indicates a CSP revocation sentence is unaffected only by credits that would change its duration. In no way does the last sentence of section 24-21-560(C) indicate an inmate should not be given credit for time served, particularly since time-served credits do not reduce the length of the revocation sentence. *Cf.* S.C. Code Ann. § 24-13-40 ("In every case in computing the time served by a prisoner, full credit against the sentence *must* be given for time served prior to trial and sentencing . . . ." (emphasis added)).

## III.

In sum, we agree with the court of appeals and the parties that the issue raised is moot as to Petitioner. However, because the issue is one capable of repetition yet evading review, we decline to strictly apply the mootness doctrine and reverse the court of appeals on that basis. On the merits, we find section 24-21-560(C) requires a circuit court judge to credit a CSP inmate who violates a term of his or her community supervision with the length of any time served while in jail on an alleged CSP violation awaiting adjudication of the CSP violation charge.

**REVERSED.**

**BEATTY, C.J., FEW, HILL, JJ., and Acting Justice James Edward Lockemy, concur.**